IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**HEATHER TAYLOR,**

    **Plaintiff,**                                                  Civil Action No. 2:20-cv-551

**v.**

**CHARLESTON AREA**
**MEDICAL CENTER, INC.,**

    **Defendant.**

## COMPLAINT

Plaintiff Heather Taylor by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this legal action against Defendant Charleston Area Medical Center, Inc. seeking redress and remedy arising from the Defendant's deliberate failure to comply with the Family and Medical Leave Act of 1993 [FMLA], and the public policy and common law of the state of West Virginia. Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. Plaintiff Heather Taylor is and was, at all times alleged herein, a citizen and resident of Kanawha County, West Virginia.

2. Defendant Charleston Area Medical Center, Inc. ("CAMC") is and was, at all times alleged, a domestic corporation doing business in the State of West Virginia, with its principal office located in Charleston, West Virginia.

3. Defendant operates health care facilities in Kanawha and Putnam Counties.

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment and/or assignment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

6. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Kanawha County, which is in the Southern District of West Virginia.

## FACTS

7. Plaintiff Heather Taylor is a former employee who worked for CAMC for over a decade.

8. On or about 2008, CAMC hired Ms. Taylor for certified medical assistance work.

9. Ms. Taylor performed her duties as a certified medical assistant until 2016, and met the reasonable expectations of the Defendant.

10. On or about 2016, CAMC changed Ms. Taylor from a clinical employee to a clerical employee, and assigned her duties as a certified medical coordinator.

11. As a certified medical coordinator, Ms. Taylor earned $16.13 an hour, and worked in Kanawha City.

12. Over the last several couple years of her employment, Ms. Taylor suffered from a major depressive disorder and anxiety.

13. Ms. Taylor applied for and received FMLA benefits for her medical condition.

14. On or about April 22, 2019, CAMC renewed Ms. Taylor's FMLA benefits, and she took FMLA leave at various times for her medical condition.

15. The day after CAMC renewed Ms. Taylor's FMLA benefits, it gave her a final warning for attendance.

16. On August 19, 2019, Ms. Taylor's dog went missing, which caused her great anxiety.

17. Because Ms. Taylor's FMLA leave was running low, she texted CAMC's charge nurse and asked her if she could use a personal day to locate her dog.

18. Ms. Taylor then explained that if CAMC could not allow her to take a personal day, that she would need to use her FMLA instead.

19. Ms. Taylor ultimately found her dog, and did not report for work given her anxiety over having searched for her dog earlier.

20. The Defendant knew Ms. Taylor had anxiety as a result of her missing pet, and also knew it had approved Ms. Taylor for FMLA leave for anxiety.

21. The Defendant further knew that Ms. Taylor was eligible to take FMLA leave for her anxiety resulting from her dog having gone missing.

22. Despite Ms. Taylor having explained to Defendant that she needed to take work leave as a result of her anxiety, the Defendant terminated Ms. Taylor because it believed she should be able to work that day.

23. During Ms. Taylor's unemployment hearing, Defendant's representative testified that Ms. Taylor gave it an "ultimatum" that it must allow her a personal day or else she would take FMLA.

24. Defendant cannot credibly suggest that Ms. Taylor gave it an "ultimatum." To the contrary, Ms. Taylor provided honest information that she preferred to take a personal day because she was low on her FMLA leave, and, if that were not acceptable to the employer, then she would use her FMLA for her anxiety.

3

25. The Defendant mischaracterized Ms. Taylor's advising it of her anxiety on the day she lost her dog, and her need for leave. In so doing, it improperly terminated Ms. Taylor based on her having required FMLA leave on the day she could not report for work due to her serious medical condition.

26. The Defendant knew or should have known that terminating Ms. Taylor because she required FMLA leave for her anxiety was illegal and in violation of the FMLA.

27. As a result of her termination, Ms. Taylor has lost income and suffered damages.

### COUNT I: TERMINATION IN INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993

28. Plaintiff incorporates all the previous paragraphs as if set forth here.

29. At all times, Plaintiff was qualified and eligible for a leave of absence due to her serious medical health condition.

30. Before Ms. Taylor requested FMLA leave to treat her serious health conditions, Plaintiff had worked at least 1250 (twelve hundred fifty) hours of service for Defendant for more than one year.

31. Defendant approved Ms. Taylor's FMLA application.

32. Defendant is also a covered employer under the Family and Medical Leave Act because it employs more than 50 employees within a 75-mile radius of any of its locations in West Virginia and/or where Plaintiff worked.

33. Plaintiff engaged in conduct protected by the FMLA.

34. Defendant terminated Plaintiff for seeking FMLA leave and/or because it approved her for FMLA leave.

35. Defendant's termination of Plaintiff based on her seeking FMLA and/or being eligible for FMLA is reckless, willful and made in bad faith.

36. In terminating Plaintiff, Defendant interfered with and violated Plaintiff's rights under FMLA, and Plaintiff seeks all appropriate remedies as requested in her prayer for relief.

### COUNT II: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993

37. Plaintiff incorporates the previous paragraphs by reference as if set forth here.

38. In seeking and receiving FMLA leave, Plaintiff engaged in conduct protected under FMLA that entitles her to all relief under the FMLA statute.

39. The Defendant terminated Plaintiff precisely because she needed FMLA for her anxiety.

40. Defendant terminated Plaintiff for requesting and/or receiving FMLA leave.

41. Defendant's conduct in terminating Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Ms. Taylor's FMLA rights, and she seeks remedy as set forth in her prayer for relief.

### COUNT III: DISABILITY DISCRIMINATION

42. Plaintiff incorporates the previous paragraphs as if set forth here.

43. The Plaintiff's anxiety and its additional care and residuals constitute a disability, which is protected under the West Virginia Human Rights Act, West Virginia Code § 5-11-9.

44. In the alternative, Defendant and it agents perceived and/or regarded Ms. Taylor as disabled under the West Virginia Human Rights Act.

45. At all times, the Plaintiff is and was qualified for the job(s) she held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-

related requirements for the position, and because Plaintiff was and is able to perform the essential functions of her job with or without reasonable accommodation.

46. The Defendant, by and through the actions of its agents intentionally discriminated against the Plaintiff based on her disability, and/or for reasons arising from discrimination on account of Defendant's perception of Plaintiff as a person with a disability.

47. On information and belief, the person who replaced Plaintiff in her position did not have a disability (actual or perceived).

48. Any alleged reason for firing the Plaintiff from employment is mere pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her disability and/or their perception of Plaintiff as a person with a disability.

49. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

50. Defendant knew or should have known that its actions involving the termination of Ms. Taylor's employment were false, wanton, willful and malicious and intended to solely harm her and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

### COUNT IV: RETALIATORY DISCHARGE (HARLESS CLAIM)

51. Plaintiff incorporates the previous paragraphs as if set forth herein.

52. Before her termination by CAMC, Ms. Taylor had performed all conditions, covenants,

promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

53. In striving to comply with her duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendant of her need for FMLA, and received approval for FMLA leave

54. Plaintiff's discharge followed her protected activity (receipt of FMLA) within such a period of time that the Court can infer retaliatory motivation.

55. In fact, Defendant terminated Ms. Taylor precisely because she had notified it that she needed FMLA leave.

56. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA. *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.)(noting FMLA provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Lowe's Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7, 2017)(Chambers, J.)(Following *Vandevander*).

57. As a direct and proximate result of Defendants' intentional, discriminatory, and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses.

58. Defendants and its agents knew or reasonably should have known that the actions taken

against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm her.

59. Defendant's actions are and were indifferent to Plaintiff's rights under the public policies embodied in FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages as set forth below:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA;

On Counts III and IV, grant Plaintiff actual damages for lost wages, front pay and back pay, lost compensation, fringe benefits and out of pocket costs and expenses in an amount to be determined by a jury;

On Counts III and IV, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Mr. Taylor as a direct and proximate result of Defendant's conduct;

On Counts III and IV, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

                                          PLAINTIFF, HEATHER TAYLOR,
                                          By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com